**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 4 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL RAY CHEWEY,

Defendant-Appellant.

Nos. 01-7161 & 02-7025
(D.C. No. 01-CV-332-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **KELLY** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Proceeding pro se, petitioner Michael Ray Chewey separately appeals the district court's dismissal of his 28 U.S.C. § 2255 petition as well as the court's rejection of his request for a certificate of appealability (COA). Because he has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we too deny his request for COA, and we dismiss his appeals.

Chewey, who is an enrolled member of the Cherokee Indian Tribe, shot and killed a fellow tribal member. Chewey pleaded guilty to one count of second degree murder in Indian country and one count of discharge of a firearm during a crime of violence. *See* 18 U.S.C. §§ 924(c)(1(A)(iii), 1111, 1151, 1153. In his habeas motion, he contends that the district court lacked subject matter jurisdiction over him because the Cherokee Nation, on whose land the crime occurred, had not consented to his prosecution. He also alleges that trial counsel was constitutionally deficient for not raising this jurisdictional challenge and for overlooking what Chewey claims is a meritorious Fourth Amendment issue.

"'Congress has . . . constitutional power to prescribe a criminal code applicable in Indian country.'" *United States v. Prentiss*, 256 F.3d 971, 974 (10th Cir. 2001) (*quoting United States v. Antelope*, 430 U.S. 641, 648 (1977)). Wielding this power, Congress has unequivocally granted the federal courts jurisdiction to preside over the prosecution of certain crimes, including murder,

committed by tribal members against other tribal members, provided the offense occurs in what is statutorily defined as Indian country.  18 U.S.C. § 1153(a);  *see also* 18 U.S.C. § 1151 (defining Indian country).  Neither the text of the statute, nor any case law interpreting it, conditions the exercise of federal jurisdiction on obtaining tribal consent to prosecution.  We therefore reject Chewey's assertion that the trial court lacked jurisdiction, and we similarly reject his contention that counsel was ineffective for failing to challenge the court's jurisdiction.  There is no merit, as well, to Chewey's assertion that counsel was ineffective for failing to raise a Fourth Amendment objection to the warrantless entry by police officers into the Chewey home on the night of the murder.

The request for COA is DENIED.  The appeals are DISMISSED.

Entered for the Court

Wade Brorby
Senior Circuit Judge